IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ACKERMAN MCQUEEN, INC., ET AL., <br>  PETITIONERS, <br> <br> v. <br> <br> NATIONAL RIFLE ASSOCIATION OF <br> AMERICA, ET AL., <br>  RESPONDENTS. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Case No. 3:20-MC-21-G-BK |

ORDER

Pursuant to the District Judge's *Pretrial Management Order*, Doc. 15, Petitioners' *Motion to Quash Third Party Subpoenas*, Doc. 1, is before the Court for determination. For the reasons that follow, the motion is granted only to the limited extent specified herein.

I. BACKGROUND[1]

In 2019, the National Rifle Association of America ("NRA") filed a civil action in this Court asserting claims stemming from the termination of its longtime business relationship with Ackerman McQueen, Inc. ("Ackerman"), a public relations agency, and Mercury Group, Inc. (collectively, "AMc"), a wholly-owned subsidiary of Ackerman. *See* Case No. 3:19-CV-2074-G-BK, Doc. #18 (the "Underlying Case"). The NRA also brought claims against four Ackerman executives.[2]

In the Underlying Case, the NRA asserted that Petitioners violated the Lanham Act and committed copyright infringement and, alternatively, conversion, because AMc's website

---

[1] Unless otherwise noted, the facts in this section are drawn from the Court's order in Case No. 3:20-MC-00024-G-BK at Doc. 17.
[2] For the sake of consistency, the Court uses the term "Petitioners" to identify the defendants in the Underlying Case.

displayed the NRA's copyrighted works and listed the NRA as a client after the parties had terminated their business relationship. The NRA also asserted that:

- Petitioners committed fraud by overcharging the NRA for services rendered and misrepresenting the performance of the NRA's digital platform, NRATV;

- Petitioners' breached their fiduciary duty to the NRA;

- Petitioners conspired to commit fraud and extort the NRA and its CEO, Wayne LaPierre ("LaPierre"); and

- AMc breached its contract with the NRA by violating records-inspection, confidentiality, and return-of-property clauses.[3]

Petitioners filed a counterclaim against the NRA and a third-party complaint against LaPierre, asserting claims for (1) libel *per se* against the NRA and LaPierre for accusing AMc of extortion; (2) tortious interference with a contract for interfering with AMc's employment agreements with NRATV talent; (3) fraud against LaPierre for making false statements concerning NRATV's performance analytics, commentators, and certain NRATV contracts; (4) breach of contract against the NRA; and (5) a declaratory judgment that "the NRA has waived and/or is estopped from claiming that the confidentiality provision of the Services Agreement applies only to AMc."

In February 2020, the NRA served the subpoena *duces tecum* that is at issue here on eight non-parties: (1) Williams Energy Resources, LLC ("Williams Energy"); (2) Oklahoma State University Foundation ("OSUF"); (3) WPX Energy, Inc. "WPX"; (4) Oklahoma Department of Tourism and Recreation ("DOTR"); (5) Greater Oklahoma City Chamber of Commerce (the "Chamber of Commerce"); (6) Senior Star; (7) the Chickasaw Nation; and (8) INTEGRIS Health, Inc. ("Integris") (collectively, "the Non-Parties"). Petitioners then filed the instant

---

[3] The District Judge has dismissed some of the NRA's claims, but several remain pending. Doc. #165.

motion to quash, Doc. 1, in the United States District Court for the Western District of Oklahoma, which transferred the motion to this Court, Doc. 7.

II.     APPLICABLE LAW

Unless otherwise limited by the court, parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). The scope of discovery must be considered in light of the importance of the issues at stake in the action, the amount in controversy, the parties' resources and relative access to relevant information, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information does not need to be admissible to be discoverable. *Id.*

Under Rule 45, a party may serve a subpoena commanding a nonparty "to whom it is directed to . . . produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." FED. R. CIV. P. 45(a)(1)(A)(iii). On timely motion, a court must quash or modify a subpoena that subjects a nonparty to undue burden. FED. R. CIV. P. 45(d)(3)(A)(iv).

III.  PARTIES' ARGUMENTS AND ANALYSIS

   A. Standing

As an initial matter, the NRA argues that Petitioners lack standing to quash a non-party subpoena. Doc. 6 at 11-12. This assertion is meritless. "A party, although not in possession or control of the materials sought in a subpoena and not the person to whom the subpoena is directed, has standing to file a motion to quash or modify under Federal Rule of Civil Procedure 45(c)(3) if he has a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it." *Booth v. City of Dallas*, 312 F.R.D. 427, 431 (N.D. Tex. 2015); *see*

*Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (finding that movants did not have standing to challenge third party subpoena where they did not allege any personal right or privilege with respect to the documents requested). Because Petitioners are challenging the production of documents relating to the marketing services they provided to the Non-Parties, as well as their business relationships with the Non-Parties, the Court finds that they have a sufficient interest in it.

### B. OSUF and Integris

Petitioners assert that the OSUF subpoena seeks irrelevant information because AMc did not provide it with digital media services. Doc. 1 at 9. The NRA represents that counsel for the University of Oklahoma ("OSU") has confirmed that OSUF was never AMc's client.[4] Doc. 6 at 15; *see* Doc. 6-7 at 2-12 (email exchange between OSU and NRA counsel). Thus, Petitioners' motion to quash the subpoena issued to OSUF is **MOOT**. Additionally, because the NRA has filed an amended subpoena *duces tecum* on Integris in the Underlying Case, Doc. #83, Petitioners' motion to quash the Integris subpoena in this case likewise is **MOOT**. Accordingly, OSUF and Integris are relieved of any responsibility to comply with the subpoenas at issue here.

### C. The Chickasaw Nation

Petitioners contend that the Chickasaw Nation subpoena is unenforceable because the group is entitled to tribal immunity and, thus, subject to suit "only where Congress has authorized the suit or the tribe has waived its immunity." *Kiowa Tribe v. Mfg. Techs.*, 523 U.S. 751, 754 (1998). A third-party subpoena served on a tribe is a "suit" for purposes of immunity. *Bonnet v. Harvest (U.S.) Holdings, Inc.*, 741 F.3d 1155, 1159 (10th Cir. 2014); *Alltel Comm.,*

---

[4] Because OSU is not the non-party entity served with the subpoena at issue here, and voluntary agreement for production between the NRA and OSU is not before this Court.

*LLC v. DeJordy*, 675 F.3d 1100, 1102 (8th Cir. 2012).  Accordingly, Petitioners' motion to quash the Chickasaw Nation subpoena is **GRANTED**.

### D. Williams Energy, Senior Star, and the Chamber of Commerce

Petitioners assert that the subpoenas served on Williams Energy, Senior Star, and the Chamber of Commerce seek irrelevant information because AMc has never provided digital media services to any of them.  Doc. 1 at 9-10.  Nevertheless, the NRA has produced a letter from Williams Energy which suggests that it has responsive documents.  Doc. 6-12; *see* Doc. 6-12 at 1-2 (letter from Williams Energy counsel to NRA counsel).  Similarly, the NRA has filed as an exhibit a screenshot of a Senior Star website that purports to be from AMc's project archives.  Doc. 6-9.  In the same vein, the NRA also maintains that AMc's website previously featured the Chamber of Commerce as a client for whom it created the VeloCity digital magazine.  Doc. 6 at 15 n.25.  While the NRA does not present any supporting documentation in that regard, the Court is not required to accept Petitioners' assertion that there is no such information.  Consequently, Petitioners' motion to quash on the basis of relevance is **DENIED**.

### E.  Overbreadth Objections

Petitioners object that the Non-Party subpoenas are overbroad because they seek "all documents" of various types.  Doc. 1 at 7; *see* Doc. 1-1 at 8 (defining "document" and "record" as "all writings of any sort" and "Digital Media" as "all digitized content").  Additionally, Petitioners object to the fact that the subpoenas provide no temporal limitations.  Doc. 1 at 8.  In keeping with the Court's prior orders, the remaining Non-Party subpoenas are modified to limit production only to those documents and communications related to Petitioners' provision of online digital content for each Non-Party, as applicable, between January 18, 2014 and January

18, 2019.  *See Ackerman McQueen, Inc. v. NRA*, Case Nos. 3:20-MC-22-G-BK & 3:20-MC-24-G-BK.

### F.  NRA's Request for Attorneys' Fees

The NRA seeks attorneys' fees and costs incurred with opposing Petitioners' motion, which it argues is "completely without merit."  Doc. 6 at 23.  The Court finds that the motion was not altogether without merit, however, and concludes that an award of fees and costs is not warranted.  Thus, NRA's request for attorneys' fees and costs is **DENIED**.  *See Nasufi v. King Cable, Inc.*, No. 3:15-CV-3273-B, 2017 WL 3334110, at *8 (N.D. Tex. Aug. 4, 2017) (Horan, J.) (denying request for attorneys' fees when motion to quash was granted in part and denied in part).

### IV.  CONCLUSION

For the foregoing reasons, Petitioners' *Motion to Quash Third Party Subpoenas*, Doc. 1, is **GRANTED** only to the extent stated above.  Williams Energy, WPX, DOTR, the Chamber of Commerce, and Senior Star are **ORDERED** to produce documents responsive to the subpoenas issued to each, as limited herein, **by October 30, 2020**.  Petitioners shall provide a copy of this *Order* to each of the Non-Parties as soon as practicable.

**SO ORDERED** on October 8, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

6